IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-00110-CR-W-HFS |
| | ) | |
| LEONARD MULKEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant has filed a pro se motion for compassionate release (Doc. 40), the Government has responded (Doc. 43), and defendant has filed a reply (Doc. 44). Thus, the matter is ripe and ready to be ruled. For the reasons stated below the motion is denied.

On September 18, 2017, after pleading guilty to unlawful drug user in possession of a firearm and possession of a controlled substance defendant was sentenced to a term of imprisonment of 60 months to be followed by supervised release for 3 years. (Doc. 39). Defendant is currently housed at Rochester FMC and has a scheduled release date of December 9, 2021.

1

Defendant seeks release to home confinement and claims that the prison facility does not provide for social distancing resulting in 88 inmates and 20 staff members testing positive for the virus. (Doc. 40). He also claims that he has submitted requests for early release from the warden (without response for thirty days).[1]

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70

---

[1] Current BOP estimates are that 549 inmates have been tested for the virus, 203 tested positive, and 102 have recovered. (https://www.bop.gov/coronavirus) assessed Dec. 21, 2020. There have been no reported deaths due to the virus. (Id).

years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense of offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020).

The Government does not dispute that defendant has exhausted administrative remedies, but opposes the motion, and states that while it is sensitive to defendant's concerns, his medical conditions do not rise to the level constituting extraordinary and compelling reasons for early release.

U.S.S.G. § 1B1.13 provides that extraordinary and compelling reasons for a sentence reduction exists when, among other things, the defendant is suffering from a terminal illness or from a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care within the

3

environment of the correctional facility in which he is confined and from which he is not expected to recover.

In his Reply Brief, defendant admits that he is not terminally ill and does not suffer from "myriad medical conditions," but repeats his concern that the less than sufficient conditions at the facility is comparable to "playing Russian Roulette with a fully loaded weapon." (Doc. 44). He then claims, without further elaboration or documentation, to be at high-risk for contracting the virus due to a history of smoking marijuana and tobacco and a BMI of greater than 25. Defendant does not provide any medical reports confirming these alleged conditions, and he does not claim that his medical condition has, in any way, compromised his ability to care for himself while incarcerated. As such, defendant has failed to meet his burden of demonstrating that his medical conditions substantially diminish his ability to provide self-care within the facility in which he is confined.

To be sure, social distancing can be difficult for individuals living or working in a prison, and I find defendant's concerns regarding the conditions is real. However, I am without authority to order the BOP to place defendant on home confinement for the remainder of his sentence. <u>United States v. Kent</u>, 2020 WL

4

3026471 (W.D.Ark.). And, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary and compelling reasons to justify release. United States v. Condon, 458 F.Supp.3d 1114 (D.N.D. 2020)(as the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release …"); citing, United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020); see also, United States v. Caffey, 2020 WL 3451680 (E.D.Ark.).

Accordingly, it is hereby

ORDERED that defendant's motion for compassionate release (Doc. 40) is DENIED.

s/ HOWARD F. SACHS

**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 28, 2020

Kansas City, Missouri

6